ARMSTRONG *v.* THE STATE.

Whether the circumstance of the defendant's permitting a roulette to be gambled upon once in his house, is *sufficient* evidence to support an indictment against him for keeping a room for gambling,—is a proper question for the jury.

The jury to whom such a cause is submitted may determine the law as well as the facts.

ERROR to the *Fayette* Circuit Court.

BLACKFORD, J.—Indictment against *Armstrong*. Two counts. One count charges the defendant with keeping a room to be used and occupied for gambling. The other, for renting a

Nov. Term, 1836.

ARMSTRONG
v.
THE STATE.

room to another person to be used and occupied for that purpose. Verdict and judgment for the state.

The statute on the subject of this indictment is, that if any person shall keep a room, &c., to be used and occupied for gambling, or shall rent to another a room for that object, he shall be fined, &c.

The Court charged the jury, "That if it was proved that the defendant had, permitted a roulette to be kept and gambled upon at any one time in any room in his possession, he was guilty under the first count of the indictment." This instruction ought not to have been given. The question before the jury was, whether the defendant occupied the room for gambling? That was purely a question of fact. If the defendant did so occupy his room, then the law said that he should be fined. To establish the charge, it was proved, as the instruction assumes, that the defendant permitted a roulette to be gambled upon, at one time, in his room. This was admissible evidence, which conduced to prove the fact which it was introduced to prove. But it was not conclusive evidence of that fact. It was for the jury to draw their own inference from the evidence, without any instruction from the Court, as to whether the defendant was or was not guilty of the offence charged.

An illustration of this doctrine may be drawn from the latter part of the statute in question. The statute, after saying that any person who shall rent a room to another to gamble in, shall be fined, enacts—that it shall be *sufficient* evidence that the room was rented for that purpose, if the owner, knowing that a gaming table is kept there, neglect to complain, &c. The consequence of this provision is, that when the evidence there mentioned is given, and the jury believe it, they must find the defendant guilty, and the Court may so inform them. But if the statute were silent on the subject, the jury would not be bound by that evidence to convict the defendant, and it would be an error in the Court to inform them that they were so bound: the jury should be left free in this latter case, to determine for themselves. In the case before us, there is no law saying that the permitting of a gaming table to be played on, at one time, in a person's room, shall be *sufficient* evidence that he occupies the room for gambling. The jury, therefore, must be left at liberty to determine, from the evi-

dence of such permission, either against the defendant or otherwise as they may think proper.

The defendant asked the Court to instruct the jury as follows: 1st, "That a mere gambling in a room, does not constitute the keeping of a room to be used for gambling within the statute, and in order to bring the case within the statute, there must be evidence that the room was kept generally for the purpose of gambling." 2dly, "That if the defendant permitted persons to gamble in any part of his dwelling-house, on one occasion only, it would not render him liable under the statute, for keeping a room or house to be used for gambling:" (it having been proved upon the trial, that the roulette was used in the defendant's dwelling-house one evening only.) The Court correctly refused to give these instructions. Whether the facts stated in them were sufficient evidence or not to support the charge, was a question to be left to the discretion of the jury.

The defendant further asked the Court to instruct the jury, that they were judges of the law as well as of the facts in the cause, but the instruction was refused. This instruction ought to have been given. *Warren* v. *The State*, May Term, 1836.

*Per Curiam.*—The judgment is reversed and the verdict set aside. Cause remanded, &c.

*C. B. Smith*, for the plaintiff.

*W. Herod*, for the state.