GAYLOR v. McHENRY and Others.

Nov. Term,
1860.

GAYLOR
v.
McHENRY.

A single act of adultery, committed by the wife, is not, of itself, a "living in adultery," within the meaning of 1 R. S., § 32, p. 253, which provides that if a wife shall have left her husband, and shall be living, at the time of his death, in adultery, she shall take no part of his estate.

The fact that the crime was once committed, under circumstances showing a deep degree of abandonment, may, with the other circumstances of the case, be submitted to the jury, to enable them to determine as to her course of life at the time of her husband's death.

APPEAL from the *Fayette* Common Pleas.

HANNA, J.—This was a suit for partition, brought by the appellant, *Mary Ann Hayden*, now *Gaylor*, against the heirs of *Hosea Hayden*, her late husband. They appeared and answered, that at the time of his death she was living apart and separate from him, in *Rush* county, in adultery. Upon this question an issue was formed, and by agreement of parties, submitted to a jury. The verdict was affirmative upon the question so submitted. The judgment was for the defendants, and stated the fact found by the jury.

It is urged that the Court erred, in receiving and excluding evidence, in giving and refusing instructions, and in overruling the motion for a new trial.

By 1 R. S., § 32, p. 253, it is provided, in reference to descents and apportionment of estates, that, "If a wife shall have left her husband, and shall be living, at the time of his death, in adultery, she shall take no part of the estate of her husband."

The evidence before the jury showed that the appellant had left the deceased about a month after they were married; that he died some six months thereafter. One witness testified that he had intercourse with her, a few days before the death of her husband. Several witnesses testified to the bad character of this witness for truth; a few that it was good. The Court, over the objections of the plaintiff, permitted the defendants to make proof of her general character, for virtue and chastity, after she left *Hayden*, and until his death. No effort was made to sustain it.

*Monday,
December* 17.

The plaintiff asked the Court to instruct the jury, that if they believed she had been guilty of but one single act of adultery, from the time she left her husband until his death, and that with a person with whom she was not living at the time, that such single act, of itself, would not constitute a living in adultery within the meaning of the statute.

The Court refused to give the instruction, but gave the following:

"If you are satisfied from the evidence that the plaintiff was living apart from her husband at the time of his death, then inquire carefully whether during this time she was guilty of having carnal, sexual intercourse with any person in the county of *Rush;* if this is true, it would be, under the statute, a living in adultery, &c.

"Under the issue, and the evidence adduced before you, there is but one material fact for you to decide, and that is, was the plaintiff guilty of having sexual intercourse with one *Joseph Anderson*, as stated by him before you; for if you believe the testimony of this witness, then you should find the plaintiff guilty of adultery as alleged in the defendants' answer; on the contrary, if you do not believe the testimony of *Anderson*, you will find for the plaintiff."

The question, and the main question in the case, is, was the ruling of the Court on these instructions right?

In *Wright* v. *The State*, 5 Blackf. 358, it was held by this Court, that testimony showing an occasional illicit intercourse, &c., did not sustain an indictment for living in open and notorious adultery under a statute, "that every person who shall live in open and notorious adultery or fornication, shall," &c. R. S. 1838, § 59, p. 217.

It is insisted by the appellant, that the case referred to is decisive of the one under consideration. On the other hand, it is urged that the construction placed upon this statute should be such, as to make its operation in consonance with the statute authorizing a divorce for like cause, namely, adultery; by which, upon the granting of a divorce, the husband would be entitled to the same rights, so far as his real estate is concerned, as by the death of the wife. It is further argued, on the one hand, that our statute was passed

Nov. Term, 1860.

GAYLOR
v.
McHENRY.

expressly to protect public morals; that a single and secret act would not be likely to affect such morals, nor would it meet the provision of the statute, which was intended to punish the living in open and notorious commission of crime. On the other hand it is argued that this statute does not require the act to be open or notorious, to affect the marital rights of the parties; that the single act was sufficient, as long as it was not forgiven by the husband, or repented of by the wife.

We are of the opinion that the instructions are not a proper exposition of the law. While it is true that a single act would make the plaintiff an adulteress, it does not follow, we think, that, of course, she would be living in adultery, within the meaning of this statute, at the time of her husband's death. If the law makers had intended that the commission of that single crime should bar the right to a distributive share in the estate, it certainly could have been expressed in fewer words and more pointed style. We suppose the intention was to bar the right of those, who should be given over to immoral practices; whether continuously with one other person, or indiscriminately with many. The fact, if found to be so, that the crime was once committed under circumstances showing a deep degree of abandonment, might, with the other circumstances of the case, have been submitted to the jury, to enable them to determine as to her course of life at the time of her husband's death.

In *Armstrong* v. *The State*, 4 Blackf. 247, it was held by this Court, that where a person was indicted for keeping a room to be used and occupied for gaming, it was error for the Court to charge that the defendant was guilty, if he permitted one act of gaming, &c. The Court then said that evidence that he did permit one act was admissible, but was not conclusive of the fact charged, viz.: that he kept the room for that purpose. It was for the jury to draw their own inference, &c. *Winemiller* v. *The State*, 11 Ind. 516.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*B. F. Claypool* and *N. & G. Trusler*, for appellant.
*J. C. McIntosh*, for appellee.