CHASE *v.* THE PEOPLE.*

PRACTICE — *objection to capias must be made before plea.*   Upon a criminal information for misdemeanor, if the defendant proceed to trial without objection to the *capias* he cannot allege an exception thereto in this court.

MISDEMEANOR — *keeping gaming house.*   To keep a gaming house contrary to R. S. 223, is a misdemeanor, which may be punished upon information filed by the district attorney, pursuant to R. S. 224.

CONSTITUTIONAL LAW — *of the proceeding, by information in case of misdemeanor.*   There is nothing in the constitution, or in the organic act, which requires that a prosecution for misdemeanor shall be by indictment presented by a grand jury, and the statute (R. S. 224), which authorizes the district attorney to proceed by information for violation of the laws against gaming, is constitutional.

INFORMATION — *for keeping gaming house, whether the names of players must be given.*   In an information under the statute (R. S. 223) for keeping a room to be used and occupied for gambling, it is not necessary to set forth the names of persons who played at games in such room.

*Whether it is necessary to allege that gaming took place.*   Nor is it necessary to aver or prove that gaming actually took place in such room.   It is enough that the defendant kept the room to be used for gambling.

---

* Another writ prosecuted by this plaintiff presented the same facts, and the judgment was affirmed upon the same grounds.

CONTINUANCE — *to obtain testimony of the sufficiency of the affidavit.* An affidavit in support of a motion for continuance, in which deponent states that he expects to prove by the absent witness that the room was not kept to be used, or occupied, for gaming, as alleged in the information, is not sufficient. The deponent should state facts which he will prove by the absent witness, rather than conclusions to be drawn from facts.

*Whether an order continuing the cause may be set aside.* And if, upon such affidavit, the cause be continued, the court may, in his discretion, afterward and on the same day, the defendant being still in court, and having notice thereof, vacate the order of continuance, and proceed to the trial of the cause.

EVIDENCE — *of the character of the house.* Upon an information for keeping a room to be used and occupied for gaming, evidence may be received to show that gaming was carried on in the room prior to the time alleged in the information, for the purpose of explaining the character of the house, and the purpose for which it was kept.

*Whether the defendant may show that he was an agent only.*

*Appeal from District Court, Arapahoe County.*

THAT the defendant acted as agent for another in the keeping of such room is not a defense.

At the April term, 1873, of the district court, the district attorney obtained leave to file an information, which charged :

"That John Chase, late of the said county of Arapahoe, on the 27th day of October, in the year of our Lord 1872, at the said county of Arapahoe, in the Territory aforesaid, a certain room, building and tenement there situate, unlawfully and injuriously then and there did keep to be used and occupied for gambling, and the said John Chase did then and there unlawfully and knowingly permit the said room, building and tenement so kept by him as aforesaid to be used and occupied for gambling, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the said people of the Territory of Colorado."

A *capias* was issued and the defendant, being brought in, pleaded not guilty. It was objected in this court that there was no affidavit of probable cause in support of the *capias* and the information, but no such objection was made in the

district court. At the same term and on the 13th of May, the defendant moved the court for a continuance of the cause, and read an affidavit in support of his motion. A portion of the affidavit, relating to the testimony of the absent witness, was as follows:

"And affiant further says, that he expects to prove by said Albert Biddle that on the day mentioned in said information this affiant did not keep or occupy the room, building, tenement, or other place in said information alleged and charged against this affiant to be used or occupied for gambling, and that this affiant did not on said day knowingly permit said room or any other place to be used or occupied for gambling, as in said information charged against him."

Upon this the court allowed the motion and entered an order continuing the cause to a special term to be held in July following. On the same day two witnesses for the prosecution being required to give security for their appearance at said special term, declared that they were unable to do so, and it appearing to the court that the witnesses were about to go out of the territory, and the defendant being then in court, the order continuing the cause was vacated and the cause was set down for trial on the same day. This order was, however, subject to the condition that the defendant should decline to take the depositions of the witnesses to be used at the July term, and the defendant refusing to take such depositions, the cause was brought on for trial. Several witnesses on behalf of the government testified that gaming was carried on at and prior to the 27th of October, in a room kept by the defendant, and that he declared himself the proprietor thereof. The defendant objected to the evidence of gaming prior to the day laid in the information, but the evidence was received. A witness for the people, Edward Chase, brother to the accused, testified that he was proprietor of the room, and that his brother was in charge of it, and it was admitted by the counsel for the people that this witness was the owner of the premises.

Upon the point of proprietorship the court charged as follows:

"It is not necessary to a conviction, that the defendant should be shown to be the owner of the room, or the building wherein the room was situated, nor that he should be the proprietor of the establishment, if any, maintained there. If the defendant kept and managed and controlled the room, and had direction thereof, as the agent of another, this proof suffices, so far as this point of the case is concerned."

The court also charged, that it was not necessary to show that gaming was done in the room, but it was sufficient if the defendant kept the house with the intent, and for the purpose that gaming should be done there.

The prisoner was found guilty, and the court gave judgment that he be confined in the county jail for thirty (30) days, and pay a fine of $500 and costs, and thereupon he sued out this writ of error.

Mr. H. R. HUNT, for plaintiff in error.

Mr. M. A. ROGERS, district attorney, *contra.*

BELFORD, J.  In the view which we take of these cases, it is immaterial to inquire whether the warrant for the arrest of the defendant was issued on a proper showing or not. He submitted himself to the jurisdiction of the court, without interposing any objection, and having done so, he cannot now be heard to say that the warrant was void or irregular. The objection to the constitutionality of the act which authorizes the prosecution of this class of offenses by information, is not well taken. By the common law all offenses below the degree of felony are denominated misdemeanors, and might be prosecuted by information, filed *ex officio* by the attorney-general. A felony at common law embraced only such crimes as were punished capitally. *United States* v. *Sheppard*, Chicago Legal News, vol. 2, p. 317.

The constitution of the United States to which the territorial legislature must conform does not inhibit prosecution by information when the offense falls below the degree of capital or infamous.

It cannot be said that keeping a gambling-house, in the eye of the law, is infamous. It is neither a felony at common law, nor is it made so by statute. The great weight of authority sustains this mode of procedure. *State* v. *Dover*, 9 N. H. 469 ; *Commonwealth* v. *Waterborough*, 5 Mass. 259; *State* v. *Keys*, 8 Vt. 62 ; *Rowan* v. *The State*, 30 Wis. 130; *Ex parte Bergin*, 31 id. 383.

Nor do we apprehend that it is necessary for the information to specify the names of the persons engaged in play at the house complained of. *State* v. *Prescott*, 33 N. H. 212, and cases therein cited.

When a person is charged with keeping a house to be used or occupied for gambling, it is not necessary to show that gambling actually took place. The intention is a matter of proof, and if that can be established, it is immaterial whether the prohibited establishment shall find customers or not. *The State* v. *Miller*, 5 Blackf. 502.

We are further of the opinion that the affidavit filed by the defendant for a continuance was insufficient and should have been overruled in the first instance. It merely sets up a conclusion of law and not a fact, or a series of facts, which it was expected could or would be proven by the absent witness. It was tantamount to saying that defendant expected to prove by the witness that defendant was not guilty. Applications of this character should specify the precise matters which the applicant expects to establish by the witness, so that the court may judge of the materiality of the proposed evidence. When the order granting the continuance was vacated, the defendant was present in court, and of the power of the court to so vacate it there can be no question. We think it worked no hardship or inconvenience to the defendant, especially when it appears that the continuance was granted on an insufficient showing. Continuances should never be granted except in further-

ance of justice, and we cannot think that that end would have been reached by delaying the trial. The witnesses on behalf of the prosecution were about leaving the territory; they were unable to furnish sureties, and their attendance at another term could only have been secured by placing them in confinement. The prosecution must have been abandoned or the witnesses imprisoned. Such a course would have smacked rather of injustice than of justice.

The information charges the offense to have been committed on the 28th of October, and evidence was introduced, over defendant's objection, to show that gambling had been carried on in this building prior to that time. We think this evidence was admissible to explain the character of the house, and the purpose and intent with which it was kept. *People* v. *Jenners,* 5 Mich. 327, 328; *Armstrong* v. *The State,* 4 Blackf. 247; *People* v. *Hopson,* 1 Den. 574.

The instructions are unobjectionable. Chase certainly could not defend himself on the ground that he was agent for another. Wharton's Crim. Law, § 2365; *State* v. *Bell,* 5 Porter, 366.

The judgment must be

*Affirmed.*