## TAYLOR v. THE STATE.

1. CRIMINAL LAW: *New trial, where defendant acquitted.*

   A defendant acquitted of a misdemeanor punishable by fine only, may upon sufficient grounds, upon motion of the state, be again put on trial, without any violation of the constitutional provision against putting one twice in jeopardy of life or limb for the same offense.

2. ———: *Cohabitation.*

   Sexual intercourse between persons not married, though living in the same house, is not sufficient, alone, to constitute the offense of cohabiting together as husband and wife without being married.

APPEAL from *Mississippi* Circuit Court.
Hon. L. L. MACK, Circuit Judge.

*Lyles,* for appellant, relied on *Sullivan v. The State,* 32 Ark., 191.

HARRISON, J. Dempsey Taylor and Josie Bogan were, at the November term, 1878, of the circuit court of Mississippi county, indicted for cohabiting together as husband and wife, without being married. At the May term, 1879, Taylor was separately tried and was acquitted by the jury. The court set aside the verdict, on the ground, as the record states, that it was contrary to the law and the evidence, and continued the case. At the May term, 1880,

he was again separately tried upon the plea of not guilty, was found guilty, and his fine assessed at $20.

He moved for a new trial, upon the ground that the verdict was not warranted by the evidence. His motion was overruled, and he appealed.

The evidence was, substantially, that Josie Bogan lived in Taylor's family, in Mississippi county, as a hireling, and did the cooking for the family, and she had been living there about two years when the indictment was found. She had five or six children, the oldest about sixteen, and the youngest born about the time of the finding of the indictment—all of whom Taylor recognized as his children, and admitted himself to be their father, and they called him papa. She and her children ate at the same table with him and his wife. The house in which he lived was a double house, having two rooms, with a stack-chimney between, but with no inside door or entrance from one to the other.

Taylor and his wife slept in one room, and Josie Bogan and her children in the other. Taylor's wife had no children; and the witnesses knew of no unfriendliness of his wife towards her.

It is insisted that the court had no authority to set aside the verdict of acquittal. The statute provides that appeals may be taken by the state as well as by the defendant, in criminal cases, but there can be no reversal of the judgment in felonies, and only when the punishment is not imprisonment, in misdemeanors. *Gantt's Digest, sections 2127, 2129, 2132, 2141, 2143.*

And it was held, in the case of *Jones v. The State, 15 Ark., 261,* that where a defendant indicted for a misdemeanor, punishable by fine only, has been tried and acquitted, and, on appeal or writ of error to this court, the

judgment is reversed, and the cause remanded, he may be tried again, without any violation of the constitutional provision, that no person shall, for the same offense, be twice put in jeopardy of life or limb.

If, notwithstanding a verdict of acquittal, a new trial may, after a reversal of the judgment in this court, be had, we can see no good reason, nor any reason whatever, why the circuit court may not correct the error, by setting aside the verdict and granting a new trial, and so avoid the occasion for an appeal.

A new trial must be applied for in the court below, or there can be no reversal for errors occurring at the time, and if it should be granted, there can be no reason for an appeal.

There was no evidence that the appellant and Josie Bogan claimed to be husband and wife, or that they sustained to each other a relation in the house like that of husband and wife. He had a wife living with him in the house, with whom he slept. Josie Bogan and her children slept in another room, and nothing, so far as the testimony goes, was ever seen, in his and her demeanor and conduct towards each other, of an improper or immoral nature. Sexual intercourse between persons not married, though living in the same house, is not sufficient to constitute the offense of cohabiting together as husband and wife, without being married.

The verdict, we think, was without evidence to sustain it. The judgment is, therefore, reversed, and the cause remanded.