*Affidavit insufficient.*

---

## BUSH v. THE STATE.

1.   CRIMINAL LAW: *Cohabiting as husband and wife, what is.*
To constitute the offense of cohabiting as husband and wife, the parties must live together, in the same house, as husband and wife, without being married; and whether they so live must be determined by the jury, from the testimony in the case, as to their bed and board, and the intercourse and apparent relationship in which they live and bear themselves toward each other.

APPEAL from *Garland* Circuit Court.
Hon. J. M. SMITH, Circuit Judge.

STATEMENT.

At the August term, 1880, of the Garland Circuit Court, W. C. Bush and Mary Mann were jointly indicted for cohabiting as husband and wife, without being married. Bush was arrested and put upon trial.

Upon the trial, Ed. Brown, a witness for the State, testified that he had long known Mary Mann. That for eight or nine years past she and the defendant had lived in the same house. That for three months, in the summer of 1879, witness and James Brown, as employees of the defendant, resided, with their wives, at defendant's house. That Mary Mann worked about the house, washing, sweeping and cooking, and sat and officiated at the head of the table at meal times. That one morning, when witness and James Brown and their wives were sitting by the fire, Mary Mann, who was sick, sat down on the defendant's lap, but that the defendant seemed to dislike it, and she immediately got up. There were two rooms to the house, one of which contained two beds, and was occupied by defendant and Mary Mann. Witness did not know whether they occupied the same or different beds. Defendant and Mary Mann lived in the house alone, except when he had hands employed. From their conduct towards each other, any one unacquainted with them would suppose them to be husband and wife. They were not married. Defendant was a farmer. Witness visited him occasionally when not employed by him.

Thomas Brown testified that the defendant and Mary Mann had lived together for eight or nine years past, no other person living with them, except when he had laborers employed. That he lived on his farm, in Garland county, during the farming season, and at other times at his residence in Hot Springs, which had but one room. His farm residence had two rooms. Witness had stayed with de-

fendant at his residence at Hot Springs, and he and defendant slept in one bed, and Mary Mann in another, in the same room.

Lamb testified that defendant and Mary Mann lived in the same house, on defendant's farm, in Garland county, about a mile from witness' residence. He had frequently seen them passing his house, on their way to town, occupying the same seat in a wagon.

Honeycutt had stayed with defendant at Hot Springs. He and defendant occupied the same bed, and Mary Mann another, in the same room. ·Saw no other person about the place. Any one unacquainted with them would have taken them for husband and wife. Witness lived with them as a laborer on the farm for three weeks before he found out they were not married.

The defendant offered no testimony. He asked the following instruction:

"That the occupancy of the same house or room by the defendant and Mary Mann, coupled with the fact that they ate at the same table, is not enough to warrant a conviction in this case. The jury must find, beyond a reasonable doubt, from the evidence, that, in respect of both bed and board, they lived together as husband and wife; and if they do not, defendant is entitled to an acquittal."

The court refused the instruction, and instructed the jury: "That in order to sustain the charge contained in the indictment, it is necessary that the jury be satisfied, from the evidence, beyond a reasonable doubt, that the defendant lived with the said Mary Mann, in the same house, as husband and wife, without being married to her; and whether they so lived together is for the jury to determine, from the evidence in the whole case, as to the bed and board of the parties, and all other matters testified to, that may throw light upon their intercourse, and show their ap-

parent relationship in which they lived and bore themselves. toward each other. . And if the jury believe, from the evidence, beyond a reasonable doubt, that the defendant did so live, in the same house, with the said Mary Mann, in the manner that usually marks the bearing and intercourse between husband and wife, that is, in such manner as husband and wife usually live and bear themselves toward each other, they will find the defendant guilty."

The jury found the defendant guilty. He filed a motion for new trial, assigning for causes, the refusal of his instruction, error in the instruction of the court, and that the verdict was against law and the evidence. The motion was overruled, and he filed his bill of exceptions and appealed.

*G. W. Murphy,* for appellant :

The trial below seemed to proceed upon the idea that if the appellant was shown to be in a position where he *might,* as respects bed and board, exercise the *rights* of husband to. Mary J. Mann, the case against him was perfect. This was. wrong. *Blake* v. *Blake,* 70 *Ill.,* 618.

It is not enough that the parties live together in the same house *Carrotte* v. *State,* 42 *Miss.,* 334 ; *State* v. *Gastrell,* 14 *Ind.,* 280 ; *Wright* v. *State,* 5 *Blackf.,* 358. They must live together publicly, in the face of society, as if the conjugal relation subsisted between them, and there must be between them habitual intercourse. *State* v. *Crowner,* 56 *Mo.,* 147 ; *Sullivan* v. *State,* 32 *Ark.,* 187. In the last. case cited, this court distinctly announces that living together, in the same house, in like manner, as respects bed and board, as marks the intercourse between husband and wife, is essential to conviction.

*C. B. Moore, Attorney-General,* for appellee :

The first instruction given by the court was proper, and

taken in connection with the second, which was *not objected* *to*, embraces the whole law, as expounded by this court. *Sullivan* v. *The State*, 32 *Ark.*, 187; *Taylor* v. *The State,* 36 *Ark.*, 34; *Howard* v. *The State, MS.*; *Lyerly* v. *The* *State*, 36 *Ark.*, 39.

HARRISON, J. The instruction objected to was properly given. It stated the law as declared in *Lyerly* v. *The* *State*, 36 *Ark.*, 39; and *Sullivan* v. *The State*, 32 *Ark.*, 187.

That asked by the defendant was properly refused. It was misleading—tending to restrict the consideration of the jury to the isolated facts to which it referred, and exclude from their consideration the other evidence in the case. *Reese* v. *Beck*, 24 *Ala.*, 651; *Chappell* v. *Allen*, 38 *Mo.*, 213; *Gruber* v. *Nichols*, 36 *Ill.*, 92.

Affirmed.