TURNEY v. STATE.

Opinion delivered February 16, 1895.

*Illegal cohabitation—Sufficiency of proof.*

Proof that a man and woman stopped over one night at a house upon a transitory journey, and assumed the marital relationship for purposes of illicit intercourse, is not of itself sufficient to sustain a conviction of cohabiting together as husband and wife, under Sand. & H. Dig. sec. 1688.

Appeal from Marion Circuit Court.

BRICE B. HUDGINS, Judge.

*E. G. Mitchell* and *Marshall & Coffman* for appellant.

A single act is not sufficient, under our statute. 32 Ark. 19; 13 Ill. 597; 36 Ark. 86; 56 Mo. 147; 19 N. E. 330; 1 Am. & Eng. Enc. Law, 211, 212. There must be a residing together for some period of time, and *habitual* illicit intercourse. One night at a stranger's house is not sufficient.

*E. B. Kinsworthy*, Attorney General, for appellee.

No certain length of time is necessary to constitute the offense. Cohabitation means to dwell and live together as husband and wife. One day or night is sufficient. Reviews 32 Ark. 187; 36 *id*. 86; 36 *id*. 39.

WOOD J. The defendant was convicted of the crime of illegal cohabitation. The proof showed that he and a certain woman, traveling from Searcy county, stopped over night at the house of a lady in Marion county. They claimed to be husband and wife, and slept in the same bed. They were not married.

The court instructed the jury that "if defendant, being at the house of Mrs. Wilson, in company with Margaret Nelson, falsely represented to Mrs. Wilson that Margaret Nelson was his wife, and obtained lodg-

ing in her dwelling house for one night by reason of said false representation, slept in her bed in said house with said Margaret Nelson, and you believe he had sexual intercourse with the said Margaret Nelson while in said bed, you will be authorized to believe they cohabited together as husband and wife, within the meaning of the statute." Proper exceptions were saved to this, and the defendant asked the court, in substance, to declare the opposite, which was refused. Does the above instruction declare the law? "Cohabit" means "to dwell with; to dwell or live together as husband and wife." Webster. To "dwell" means "to abide as a permanent resident, or to inhabit for a time; to live during a considerable period in a place, to have a habitation for some time or permanence; to be domiciled; to remain." Webster. The law lexicographers define it: "To dwell together in the same house; to live together as husband and wife; to live together in the same house, claiming to be married." Rapalje's, Burrill's, Bouvier's and Kinney's Law Dictionaries, *verbo*, "Cohabit."

In *Calef* v. *Calef*, 54 Me. 365, it is said: "The primary meaning of the word 'cohabit' is to dwell with some one, not merely to visit or see them. It includes more than that." In *Com.* v. *Calef*, 10 Mass. 153, it is said: "By cohabiting must be understood a dwelling or living together, not a transient and single unlawful interview." Mr. Bishop, in his work on Marriage, Divorce and Separation, says: "To cohabit is to dwell together, so that matrimonial cohabitation is the living together of a man and a woman ostensibly as husband and wife." Sec. 1669. And in a note to this section he approves of the definition given in *Ohio* v. *Connoway*, Tappan, 90, where "cohabiting" is defined "as a living together in the same house; a boarding or tabling together," carrying "with it the idea of a fixed residence," in contradistinction to a mere traveling in company together.

In an Indiana case, where the statute prohibits cohabiting in a state of adultery or fornication, the Supreme Court said: "To cohabit, in the sense of the statute, is for a man and woman to live together in the manner of husband and wife. It implies a dwelling together for some period of time, and is to be understood as something different from occasional, transient interviews for unlawful and illicit intercourse." *Jackson* v. *State*, 19 N. E. 330. These authorities are in consonance with our own decisions upon the subject. *Sullivan* v. *State*, 32 Ark. 187 ; *Taylor* v. *State*, 36 Ark. 86.

The mere stopping over one night at a house upon a transitory journey, and assuming the marital relationship for purposes of illicit sexual commerce, however scandalous and disgraceful from a moral standpoint, is not within the inhibition of our statute. Criminal statutes must be strictly construed. The term "cohabitation" has a definite legal signification, and, when used in criminal statutes, conveys the idea of living or dwelling together as husband and wife. Such conduct would be very convincing evidence, if connected with other facts and circumstances going to show a degree of permanency or continuity in the ostensible relationship, but would not of itself "authorize" the jury to convict of illegal cohabitation.

Reversed, and remanded for a new trial.