STATE v. GEORGE E. WILLIAMS.[1]

March 10, 1905.

Nos. 14,058—(21).

**Fornication.**

   A single act of sexual intercourse between a man and an unmarried woman does not constitute the crime of fornication within the meaning of section 6557, G. S. 1894. "Cohabit" as used in that statute means to live and dwell together.

Defendant was convicted in the municipal court of Mankato of the offense set forth in the opinion and appealed from the judgment of conviction and from an order, Plymat, J., denying a motion for a new trial. Judgment and order reversed.

*H. L. & J. W. Schmitt,* for appellant.

*Edward T. Young,* Attorney General, and *George T. Simpson,* Assistant Attorney General, for the State.

PER CURIAM.

Defendant was prosecuted under section 6557, G. S. 1894, for fornication, and appealed from an order denying his motion for a new trial.

The assignments of error present the question whether the evidence makes out a case of fornication within the meaning of the statute above referred to. The facts are that defendant and an unmarried woman occupied the same room at a hotel in Mankato, and had sexual intercourse with each other, on the night of April 3, 1904. There was no showing to the effect that the parties lived together as husband and wife, or otherwise, and none that any act of sexual intercourse took place between them other than on this occasion. Does this constitute fornication within the meaning of the statute? We think not. The statute under which the prosecution was conducted provides that if "any man and single woman cohabit together, they shall be both guilty of fornication," etc.

The word "cohabit," as used in statutes of this character, has a well-defined legal meaning, namely to live and dwell together, in which sense

[1] Reported in 102 N. W. 722.

the legislature must be deemed to have used it in enacting this statute. The usual canons of construction will not warrant its interpretation in any other light. It follows, necessarily, that a single act of sexual intercourse between a man and a single woman is not such cohabiting or dwelling together as constitutes the crime of fornication as defined by our statutes. State v. Chandler, 132 Mo. 155, 33 S. W. 797; Luster v. State, 23 Fla. 339, 2 South. 690; Pruner v. Commonwealth, 82 Va. 115; Turney v. State, 60 Ark. 259, 29 S. W. 893.

The "Revised Laws" recently reported to the legislature by the Statutes Revision Commission remedies this apparent defect in our statutes.

Judgment and order reversed.