McNeely v. State.

Opinion delivered December 9, 1907.

ILLEGAL COHABITATION—SUFFICIENCY OF EVIDENCE.—Sexual intercourse between unmarried persons living in the same house is not a violation of the statute against illegal cohabitation if there is no evidence that they live together in like manner as respects bed and board as marks the intercourse between husband and wife.

Appeal from Little River Circuit Court; *James S. Steel,* Judge; reversed.

*Scott & Head,* for appellant.

1. Having alleged that appellants were not husband and wife, the burden was on the State to prove that allegation. Not having done so, the court should have granted appellant's request for a peremptory instruction. 19 Ark. 143.

2. The proof falls far short of establishing a case of illegal cohabitation. Sexual intercourse between persons not married does not constitute the crime. There is no proof that they sustained toward each other relations similar to those of husband and wife. 36 Ark. 84; 31 Tex. 95; 32 Ark. 187; 2 So. 690.

*William F. Kirby,* Attorney General, and *Dan'l Taylor,* for appellee.

BATTLE, J. S. W. McNeely and Ella Paxton were indicted for and convicted of illegal cohabitation. The Attorney

General confesses error because the verdict is not sustained by evidence.

The statute provides that "If any man and woman cohabit together as husband and wife without being married, each of them shall be deemed guilty of a misdemeanor," etc. Kirby's Digest, § 1810. Sexual intercourse between persons not married, though living in the same house, is not sufficient to constitute the offense of cohabiting together as husband and wife, without being married. *Taylor* v. *State.* 36 Ark. 84. "If they live together in the same house in like manner as respects bed and board as marks the intercourse between husband and wife, they, in sense and meaning of the statute, cohabit as husband and wife." *Sullivan* v. *State,* 32 Ark. 191. They must "cohabit together as husband and wife," must dwell together as if conjugal relations existed between them, must deport themselves toward each other as husband and wife.

In this case there is no evidence that the defendants ate at the same table, or slept in the same room, or cohabited together as husband and wife.

The confession of error is sustained.

Reverse and remand for a new trial.