## RICHEY *v.* THE STATE OF INDIANA.

### [No. 21,426.   Filed April 6, 1909.]

1. FORNICATION.—*Commmon-Law Definition.*—Fornication, at the common law, imported unlawful sexual intercourse between a married or single man, and an unmarried woman; and it was punishable only where the circumstances constituted it a misdemeanor.   p. 135.

2. FORNICATION.—*Essentials.—Statutes.*—Fornication, as defined in §2353 Burns 1908, Acts 1905, p. 584, §457, imports the living together, as husband and wife, of a man and an unmarried woman. p. 136.

3. WORDS AND PHRASES.— *"Cohabit."*— *Fornication.*— The word "cohabit," as used in the statute defining fornication (§2353 Burns 1908, Acts 1905, p. 584, §457), imports the living together of a man and woman, in the manner of husband and wife.   p. 136.

4. FORNICATION.—*Evidence.*—Evidence showing that defendant indulged in two clandestine acts of intercourse with his servant girl does not sustain a conviction for fornication.   p. 138.

From Hamilton Circuit Court; *Ira W. Christian,* Judge.

Prosecution by The State of Indiana against J. William Richey. From a judgment of conviction, defendant appeals. *Reversed.*

*John O. Spahr* and *James A. Ross,* for appellant.

*James Bingham,* Attorney-General, *Alexander G. Cavins, Edward M. White* and *William H. Thompson,* for the State.

MONTGOMERY, J.—Appellant was convicted upon a charge of fornication, his motion for a new trial was overruled, and a fine of $300 and costs assessed.

The only error properly assigned is the overruling of the motion for a new trial. The grounds of this motion were that the finding of the court is not sustained by sufficient evidence, and is contrary to law.

The statute upon which the prosecution was founded reads as follows: "Whoever cohabits with another in a state of adultery or fornication shall be fined not exceeding $500, or imprisonment in the county jail not exceeding six months, or both." §2353 Burns 1908, Acts 1905, p. 584, §457.

The evidence to sustain the conviction was brief and uncontradicted, and established the following facts: Appellant was thirty-eight years of age, married, and resided with his wife in the town of Carmel, Hamilton county, from April 15, 1907, until April 25, 1907. His codefendant was a single woman, nineteen years of age, who assisted his wife in the performance of housework for a few days during that period, and was paid for her services, and within that time appellant had sexual intercourse with the girl twice in his residence.

Fornication, as understood by the common law, was unlawful sexual intercourse between a man, either married or single, and an unmarried woman. *State* v. *Chandler* (1884), 96 Ind. 591; *Hood* v. *State* (1877), 56 Ind. 263, 26 Am. Rep. 21; *State* v. *Lash* (1838), 16 N. J. L. 380, 32 Am. Dec. 397; 19 Cyc., 1434. An act of fornication was not punishable as a common-law offense, unless ac-

companied by such circumstances as *per se* constituted a misdemeanor, as for example to make the act a public nuisance. *Crouse* v. *State* (1855), 16 Ark. 566; *Anderson* v. *Commonwealth* (1826), 5 Rand. (Va.) 627, 16 Am. Dec. 776; *Pollard* v. *Lyon* (1875), 91 U. S. 225, 23 L. Ed. 308.

The common law regarded clandestine acts of adultery and fornication as a gross violation of personal rights for which redress might be had in a civil action by the injured

2. party, but left the punishment of the sin to the upbraidings of a guilty conscience and to be dealt with by religious judicatories. The criminal statutes of this State have adopted substantially the common-law doctrine upon this subject. The earlier statutes denounced as a crime the living "in open and notorious adultery or fornication." R. S. 1838, p. 217, §59; R. S. 1843, p. 977, §80; 2 R. S. 1852, p. 433, §21. In the case of *Wright* v. *State* (1840), 5 Blackf. 358, 35 Am. Dec. 126, this court said: "The testimony did not prove a 'living together' as is required by the statute, but simply, if it proved anything, an occasional illicit intercourse between the defendant and the woman named in the indictment. The offense consists in an open and notorious cohabitation, and unless it be of that character, it is not indictable." *Lumpkins* v. *Justice* (1849), 1 Ind. *557; *State* v. *Gartrell* (1860), 14 Ind. 280; *Gaylor* v. *McHenry* (1860), 15 Ind. 383.

The statute upon which the present case was based omits the words "open and notorious," but still requires that the parties shall cohabit in a state of fornication to consti-

3. tute a public offense. To cohabit, in the sense in which that word is used in this statute, is for a man and woman to live together in the manner of husband and wife. *Jackson* v. *State* (1888), 116 Ind. 464; *State* v. *Chandler* (1884), 96 Ind. 591; *State* v. *Johnson* (1879), 69 Ind. 85; *State* v. *Cassida* (1903), 67 Kan. 171, 72 Pac. 522; *Turney* v. *State* (1895), 60 Ark. 259, 29 S. W. 893.

In the case of *Jackson* v. *State, supra,* Judge Mitchell,

speaking for the court with reference to the meaning of the word cohabit, said: "It implies a dwelling together for some period of time, and is to be understood as something different from occasional, transient interviews, for unlawful and illicit intercourse. To sustain an indictment under this section, the evidence must establish cohabitation, including one or more acts of sexual intercourse, between parties not lawfully occupying the relation of husband and wife to each other."

This statute does not deal with private acts of incontinence and unchastity, but its design, like that of similar laws in other states, was to prohibit and punish the illicit relations of persons of opposite sex, who, without lawful marriage, cohabit or live together in the manner of husband and wife. It does not attempt to control the private, immoral indulgence of the individual or affix a penalty to the furtive violation of the Seventh Commandment, but only to conserve the public morals, by the prevention of indecent and evil examples tending to debase and demoralize society. It may be regretted that the legislature has not deemed it expedient to go so far as to denounce and punish the master, who, under his own roof, clandestinely violates the chastity of his female servant. The statute reaches those only who as paramour and mistress contemn and scandalize the institution of marriage by unlawfully assuming its visible forms and habitually exercising towards each other the rights and privileges which belong to the conjugal relation. *State* v. *Marvin* (1861), 12 Iowa 499; *Carotti* v. *State* (1868), 42 Miss. 334, 97 Am. Dec. 465; *Kinard* v. *State* (1879), 57 Miss. 132; *Searls* v. *People* (1852), 13 Ill. 597; *Commonwealth* v. *Calef* (1813), 10 Mass. 153; *Sullivan* v. *State* (1877), 32 Ark. 187; *McNeely* v. *State* (1907), 84 Ark. 484, 106 S. W. 674; *Pruner & Clark* v. *Commonwealth* (1886), 82 Va. 115; *People* v. *Salmon* (1905), 148 Cal. 303, 83 Pac. 42; *Whitehead* v. *State* (1904), 48 Fla. 64, 37 South. 302, 2 L. R. A. (N. S.) 1186, 113 Am. St. 268; *State* v. *Chandler* (1896),

132 Mo. 155, 33 S. W. 797, 53 Am. St. 483; *State* v. *Carroll*
(1888), 30 S. C. 85, 8 S. E. 433, 14 Am. St. 883; *State* v.
*Miller* (1896), 42 W. Va. 215, 24 S. E. 882; *State* v. *Williams* (1905), 94 Minn. 319, 102 N. W. 722.

The evidence in this case shows that appellant is married
and was living with his wife, and indulged in acts of illicit
intercourse with the servant girl, which, so far as appears, would never have been known except for the
confession of the victim of his lustful passion. This
offense, morally reprehensible as it is, does not come within
the definition of the statute, nor show that the parties cohabited in a state of fornication. The finding of the court is
therefore not sustained by sufficient evidence, and is contrary
to law.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.