## SMITH v. STATE.

### Opinion delivered March 24, 1924.

1. LEWDNESS—ILLEGAL COHABITATION.—In a prosecution for illegal cohabitation under Crawford & Moses' Dig., § 2600, it is not necessary that the parties should claim to be husband and wife, but it is sufficient if they live together in the same house in like manner as respects bed and board as marks the intercourse between husband and wife.

2. LEWDNESS—ILLEGAL COHABITATION—EVIDENCE.—In a prosecution for illegal cohabitation, evidence held to sustain a conviction.

3. CRIMINAL LAW—INSTRUCTION AS TO CIRCUMSTANTIAL EVIDENCE.— In a prosecution for illegal cohabitation an instruction that, if circumstantial evidence was of sufficient quality, and the facts shown were consistent with each other, and all show that the crime was committed to the exclusion of every other reasonable hypothesis, then circumstantial evidence is sufficient; but, if the facts should show that some other condition might exist than that of guilt, then the circumstances were not sufficient, was not argumentative, and did not tend to single out and stress the circumstances in the case.

Appeal from Greene Circuit Court, Second Division; W. W. Bandy, Judge; affirmed.

Jeff Bratton, for appellant.

*J. S. Utley,* Attorney General, *John L. Carter, Wm. T. Hammock, Darden Moose, J. S. Abercrombie,* Assistants, for appellee.

HUMPHREYS, J.   Appellants were indicted, tried and convicted in the second division of the circuit court of Greene County for illegal cohabitation, and adjudged to pay a fine of $75 each, as punishment therefor. An appeal has been duly prosecuted to this court from the judgment of conviction.

Appellants were indicted and convicted under § 2600 of Crawford & Moses' Digest, which is as follows: "If any man and woman shall cohabit together as husband and wife, without being married, each of them shall be deemed guilty of a misdemeanor, and shall, upon the first conviction, be fined in a sum not less than twenty dollars nor more than one hundred dollars."

In construing the statute this court said, in the case of *Sullivan* v. *State,* 32 Ark. 187: "We do not think it necessary that the parties should claim to be husband and wife; if they live together in the same house, in like manner as respects bed and board as marks the intercourse between husband and wife, they, in the sense and meaning of the statute, cohabit as husband and wife. The law seeks not alone to prevent the false assumption of the marriage relation, and to prohibit the public scandal and disgrace of such immoral connections, but also to preserve and promote the institution of marriage, upon which the best interests, and indeed the existence, of society depend." This construction of the statute has been uniformly adhered to by the court in later opinions. *Lyerly* v. *State,* 36 Ark. 39; *Taylor* v. *State,* 36 Ark. 84; *Bush* v. *State,* 37 Ark. 215; *Turney* v. *State,* 60 Ark. 261; *Leonard* v. *State,* 106 Ark. 452.

Appellant contends for a reversal of the judgment upon two assignments of error, the first being that the verdict is not supported by any substantial evidence, and the second that the court erred in giving instruction No. 5.

(1) Bob Smith and his wife had separated, and he had not lived with his family, consisting of his wife and

seven children, for a number of years. He owned a home in Paragould in which were two rooms and a small attic. For a period of two years before the indictment was returned he lived in this home with Vada Fletcher. They testified that she kept house for him, and was paid $5 per week for her services; that she slept in the front room, he in the attic, and that they did not illegally cohabit as husband and wife. The State introduced a number of witnesses who testified that appellants came and went together, both day and night; that he frequently took her walking and driving; that they came in together as late as eleven o'clock at night; that he maintained the home, and that she cooked and kept the house. Mrs. Armstrong, who lived near them, testified that they went walking and riding together as often as an average married couple. Mrs. Kate Morrison, who washed for them, testified that their clothes were put in the wash together, and that he paid the bills. I. C. Norman testified that Vada Fletcher owed him $1.50 for furniture; that Bob Smith came and tried to settle it for fifty cents, and, when the offer was refused, he told witness he would stand a lawsuit before he would pay more. C. E. Stepp, the sheriff, and Bob Hayes testified that the reputation of appellants for morality was bad. The sheriff also testified that, when he went to arrest Vada Fletcher, he was unable to gain entrance to the house; that the next time he went he had to threaten to break in the door, and started to get in the window before she would let him in. We think the manner in which these parties associated, together with the other circumstances detailed, warranted the jury in finding that the offense of illegal cohabitation, as defined by the statute and construed by the court, was committed by them. The evidence therefore is sufficient to support the verdict.

(2) Over the objection and exception of appellants the court instructed the jury as follows: "Now there are two classes of evidence, one is direct and positive testimony—that is, another person sees another person shoot some person—he himself witnesses the act of the

shooting—that is what we call direct and positive testimony, an eye-witness. There is then what we call circumstantial evidence, and circumstantial evidence, if it is of sufficient quality and the facts shown are consistent with each other, and all the facts or circumstances show that the crime has been committed, to the exclusion of every other reasonable hypothesis, then circumstantial evidence is sufficient for conviction, but the circumstances must be such as to show the guilt of the defendant, exclusive of any other reasonable state of affairs; that is, if the facts should show that reasonably some other condition might exist except that of guilt, then the circumstances wouldn't be sufficient to sustain a conviction.''

The objection made to the instruction was that it is argumentative and tends to single out and stress the circumstances in the case. The instruction is not subject to the assaults made upon it. It is not argumentative. On the contrary, it simply defined and distinguished positive from circumstantial evidence. Neither did it single out any fact or circumstance and emphasize it to the exclusion of other facts and circumstances. On the contrary, it cautioned the jury not to convict appellants upon circumstantial evidence alone unless it was of sufficient quality and consistency as to exclude every other reasonable hypothesis of innocence.

No error appearing, the judgment is affirmed.