POLAND AND STEPHENS *v.* STATE.

4982                                                 339 S. W. 2d 421

Opinion delivered October 31, 1960.

[Amended November 22, 1960.]

*McKnight* and *Blackburn,* for appellant.

*Bruce Bennett,* Atty. General, by *Clyde Calliotte,* Asst. Atty. General, for appellee.

SAM ROBINSON, Associate Justice. Appellants, Poland and Stephens, white men, were charged in separate felony informations with the crimes of concubinage. Two informations were filed against Poland, one charging him with committing the crime of concubinage with Ruthie Lee Smith, a Negress, on December 11, 1959, and the other information charging him with a like offense committed with the same woman on the 17th day of December. The felony information filed against Stephens charged him with committing the crime of concubinage on the 17th day of December, 1959, with Lula Mae Wallace, a Negress. All the cases were consolidated for trial. The only issue we reach is whether according to the undisputed facts the appellants are innocent as a matter of law of the crimes charged.

Concubinage is a felony. Ark. Stat. § 41-806. The crime is defined by Ark. Stat. § 41-807, which provides: "The living together or cohabitation of persons of the Caucasian and of the Negro race shall be proof of the violation of provisions of section one [§ 41-806] of this act. For the purpose of this act [§§ 41-806—41-810], concubinage is hereby defined to be the unlawful cohabitation of persons of the Caucasian race and of the Negro race, whether open or secret."

The question is: Did the white men and the Negro women cohabit within the meaning of the statute? According to the evidence, the appellant Poland on two separate occasions, the 11th and the 17th of December, went to a tourist court with the Negress, Ruthie Lee Smith, and engaged in sexual intercourse, and appellant Stephens went to the same tourist court with Lula Mae Wallace on December 17th and engaged in sexual intercourse. There is not any evidence of any illicit relationship between the individuals at any other time or place. This case is controlled by other cases heretofore decided by this Court. In *Hovis* v. *State,* 162 Ark. 31, 257 S. W.

363, Mr. Justice FRANK SMITH said: "The testimony shows that appellant had met the colored girl for the purpose of having sexual intercourse with her on the night of his arrest, and that he had met her on frequent prior occasions for the same purpose. This, however, does not constitute concubinage as defined by the statute. The statute creates and defines the offense. There is no testimony that the appellant and the colored woman were living together, or had ever done so." In *Wilson* v. *State,* 178 Ark. 1200, 13 S. W. 2d 24, evidence proved beyond a reasonable doubt that a white person and a Negro had engaged in sexual intercourse. Mr. Justice Mehaffy, speaking for the Court, said: "The testimony in this case is ample to show that the appellant and the negro were guilty of adultery, but that does not constitute concubinage."

In *McClure* v. *McClure,* 205 Ark. 1032, 172 S. W. 2d 243, a divorce case, the Court held that cohabitation *as used in the three year separation statute* means an act of sexual intercourse; but that in determining the meaning to be given to words used by the Legislature, recourse often must be had to the context in which the language is used. The Court cited and left unimpaired the decisions in *Sullivan* v. *State,* 32 Ark. 187; *Taylor* v. *State,* 36 Ark. 84; *Bush* v. *State,* 37 Ark. 215; *Turney* v. *State,* 60 Ark. 259, 29 S. W. 893; and *Hovis* v. *State,* 162 Ark. 31, 257 S. W. 363, all of which hold that cohabitation as used in the unlawful cohabitation and concubinage statutes means something more than occasional acts of sexual intercourse.

The State contends that Act 108 of 1959 amending Ark. Stat. § 41-805 has the effect of amending the concubinage statute. The 1959 act has no application to the concubinage statute at all. It applies to Ark. Stats. § 41-805, making it unlawful for a man and woman of any race to cohabit together as husband and wife without being married. Under § 41-805 as amended by Act 108 of 1959 the first two offenses are misdemeanors, whereas any violation of the concubinage statute is a felony.

Reversed and dismissed.