Calef *v.* Calef.

---

WILLIAM H. H. CALEF, *Libellant, versus* NORA M. CALEF.

The Supreme Judicial Court of this State cannot divorce from the bonds of matrimony a husband and wife who were married without the State, and who since their intermarriage have only been in it for a few days on a visit, and never as residents.

LIBEL FOR DIVORCE.
The only question was as to the jurisdiction of the cause.

*Davis & Drummond,* for the libellant.

" Cohabitation" does not include the idea of "residence" or "domicil," in their legal acceptation, but means " living together as husband and wife." Webster's Dict. It expresses the relation of the parties to each other. They may cohabit in a place without residing there. These parties " lived together in this State as husband and wife." Sexual intercourse is not an essential element in cohabitation. Cohabitation is used to express the idea of living together as husband and wife a single night. *Gardner* v. *Gardner,* 2 Gray, 434. The parties here lived together in this State four days as husband and wife.

In Massachusetts unlawful cohabitation is a crime. Would

not it sustain an indictment for this crime, to show that the parties lived together as husband and wife four days?

APPLETON, C. J. — This is a libel for a divorce, the libellee being a resident of Massachusetts.

By R. S., 1857, c. 60, § 2, "a divorce from the bonds of matrimony may be decreed by any Justice of the Supreme Judicial Court, at any term thereof in the county where either party resides at the time of filing the libel, when, in the exercise of a sound discretion, he deems it reasonable and proper, conducive to domestic harmony, and consistent with the peace and morality of society, if the parties were married in this state, or cohabited here after marriage."

The parties to this libel were married in Rhode Island on 18th June, 1860. They never resided together in Maine, but, soon after their marriage, they came into this State on a visit and spent four days here, living together as husband and wife.

The question presented is whether visiting is cohabiting within the Act under and by virtue of which a divorce is claimed?

The primary meaning of the word cohabit is to dwell with some one — not merely to visit or see them. It includes more than that. Such, too, is the meaning as determined by its derivation, being compounded of *con*, with, and *habito*, to dwell. Worcester defines the word thus; "to dwell with another in the same place." Webster's definition is, "to dwell with; to inhabit or reside in the same place or country. To dwell or live together, usually or often applied to persons not legally married." Richardson gives the meaning thus, " to have, hold or keep a dwelling or abiding place, to dwell or abide together with." Bouvier defines cohabitation as "living together." The law presumes the husband to cohabit with his wife, even after a voluntary separation has taken place between them." It is otherwise when there has been a sentence of separation.

In England, in the ecclesiastical courts, matrimonial in-

Calef *v.* Calef.

tercourse is distinguished from matrimonial cohabitation. The case of *Orme* v. *Orme*, 2 Addams, 382, was a suit brought by a wife against the husband for restitution of conjugal rights. It was there held that the Court can only interfere in the way of restitution, when matrimonial cohabitation is suspended; that the single duty it can enforce by a decree, in a suit of this nature, is that of married parties living together; that it cannot attempt to enforce anything in addition to this. Hence it is incompetent for the wife to sue the husband, or the husband the wife, " for restitution of conjugal rights," pending cohabitation. So, Sir WILLIAM SCOTT, in *Foster* v. *Foster*, 1 Hag., 144, adopts the remark of Dr. Harris, that "the duty of matrimonial intercourse cannot be compelled by this court, though matrimonial cohabitation may." As to the meaning of the word cohabitation, see 1 Bishop on Marriage and Divorce, § 777, note 1, where the question is fully and ably discussed.

We do not think the Legislature intended to confer jurisdiction over every traveller, who was journeying in the State, or on a mere visit to a friend. They intended the section to apply to those who were living together in one house as their home, — to those who were dwelling together in some place in the State, and not to foreigners, who were temporarily in the State on a visit of friendship or pleasure, and not residing and having no intention to reside in this State.

*Libel dismissed.*

KENT, WALTON, DICKERSON, BARROWS and TAPLEY, JJ., concurred.