CASE 17—INDICTMENT—OCTOBER 1.

# Johnson v. Commonwealth.

APPEAL FROM WHITLEY CIRCUIT COURT.

BIGAMY—JURISDICTION.—The offense of bigamy consists in the act of marrying again while the wife by a former marriage is still alive, and the former contract of marriage is still in force; and where that act is committed in another State, the courts of this State have no jurisdiction of the offense.

C. W. LESTER FOR APPELLANT.

It is the act of marrying a second time while his first wife was alive which constitutes the offense of appellant, if any he has committed, and since the indictment shows that act was committed in another State, the facts stated in the indictment do not constitute an offense within the jurisdiction of the Whitley circuit court. (Gen. Stats., chap. 29, art. 4, sec. 10; *Ibid.*, chap. 52, subsec. 3 of sec. 2; Bishop on Crim. Law, vol. 2, sec. 1025.)

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLEE.

Submitted without argument.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The offense of which appellant has been convicted is bigamy, alleged in the indictment to have been committed July 31, 1886, by becoming married in the State of Tennessee, having previously married another in this State, who was at the time and still is alive, and the marriage with whom had never been annulled or adjudged to be void.

The offense of bigamy is committed by the act of marrying one woman while the wife by a former marriage is still alive, and the first contract of marriage is still in force. That act, as stated in the indictment, was committed in the State of Tennessee, and to try and punish for it the courts thereof alone, at the

common law, have jurisdiction. (1 Hawkins Pleas of the Crown, 686-7.)

In some of the States, it is by statute made punishable for a person who, being married, shall marry another person, the former husband or wife then living, or continue to cohabit with such second husband or wife without regard to the State or country where such second marriage may have been contracted. But in this State the Legislature has never enacted such statute, and, consequently, the offense consists alone of the second marriage, and, like any other criminal act, must transpire here in order to be subject to indictment and punishment by the courts of this State.

It seems to us the lower court erred in overruling the demurrer to the indictment, and the judgment of conviction must be reversed and cause remanded.