THE STATE OF IOWA, Appellee, v. THOMAS J. STEUPPER, Indicted Under the Name of John A. Kelly, Appellant.

Bigamy: SUFFICIENT INDICTMENT: *Continuing cohabitation.* Under Code, section 4933, providing that any person having a former husband or wife living who marries another person, or continues to cohabit with second husband or wife, is guilty of bigamy, an indictment alleging that defendant cohabited with a certain woman, as husband and wife, after he had married her in another state, he having at the time of the marriage and cohabitation a lawful wife living, is not defective for failing to aver the cohabitation as continuing.

*Plea and proof.* On a prosecution for bigamy on an indictment alleging that defendant cohabited with a certain woman after he had married her in another state, evidence of the continuation of the cohabitation in the state was admissible, as showing that defendant held himself out as married under the bigamous relation, and was not objectionable as proving a wrongful act not covered by the indictment.

*Appeal from Fremont District Court.*—HON. W. R. GREEN, Judge.

` FRIDAY, OCTOBER 17, 1902.

· DEFENDANT was convicted under an indictment for bigamy, and appeals—*Affirmed.*

*Hammond & Stevens* and *W. E. Mitchell* for appellant.

*Chas. W. Mullan,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the State.

McCLAIN, J.—It is provided by Code, section 4933, that "if any person who has a former husband or wife living marry another person, or continue to cohabit with such second husband or wife, he or she, except in the cases mentioned in the following section, is guilty of bigamy * * *" The indictment in this case alleges that "the said John A. Kelly on or about the 1st day of January in the year of our Lord one thousand nine-hundred and one, in the county as aforesaid, to wit, Fremont county, Iowa, did willfully, unlawfully, and feloniously cohabit with one Mrs. Margret Carter, as husband and wife, after he, the said John A. Kelly, had willfully, unlawfully, and feloniously married the said Mrs. Margret Carter on the 9th day of December, 1899, in Nebraska City, Nebraska, he, the said John A. Kelly, at the time of said marriage and cohabitation being a married man, and having a lawful wife living, to wit, Mary Kelly, the former

marriage having taken place in Missouri in 1873." Counsel for appellant contend that the indictment is defective in not charging the cohabitation as continuing, but we think this objection is fully met by the case of *State v. Nadal*, 69 Iowa, 480. And see *Tucker v. People*, 117 Ill. 88 (7 N. E. Rep. 51). It is not the continuation of cohabitation within this state which is important, but it is the fact that in this state cohabitation continues, which was commenced in another state under the bigamous marriage. The length of time is wholly immaterial.

The evidence as to continuation of cohabitation in the state was material, as showing that defendant held himself out as married under the bigamous relation, and therefore it was not objectionable as tending to prove any wrongful act not covered by the indictment.

Other errors are assigned, but they are based on the same proposition involved in the objection made to the indictment, and need not be further considered.—AFFIRMED.