PEOPLE *v.* DEVINE.

CRIMINAL LAW—BIGAMY—INTERNATIONAL LAW—POLYGAMY—MARRIAGE—INFORMATION.

   3 Comp. Laws, § 11691 (5 How. Stat. [2d Ed.] § 14776), provides that if any person who has a former husband or wife living shall marry another person or shall continue to cohabit with such second husband or wife *in the State,* he shall be deemed guilty of polygamy, etc. The information averred that the respondent entered into a second marriage in the State of Ohio, having a wife living in the State of Michigan. It contained no averment that the respondent had lived or cohabited with the second wife ·in the State of Michigan. *Held,* that the accused should have been discharged upon his plea of abatement based upon the ground that the information failed to set up an offense.

Error to Oakland; Smith, J. Submitted January 21, 1915. (Docket No. 125.) Decided March 18, 1915.

David Devine was convicted of polygamy. Reversed: respondent discharged.

*Frank L. Doty,* Prosecuting Attorney, and *Glenn C. Gillespie,* Assistant Prosecuting Attorney, for the people.

*James J. Noon,* for respondent.

McALVAY, J.   Respondent was informed against in the circuit court for the county of Oakland for the offense of bigamy, and being arraigned December 1, 1913, entered a plea of guilty to the information filed against him.   Upon which plea, having been brought to the bar of the court, judgment was pronounced and duly entered against him, and he was on the same day sentenced to be confined in the State prison at Jackson for the minimum term of two years and six months, and a maximum term of five years.   On December 5th following, respondent was committed to the Michigan State prison at Jackson, at which place he is now confined.   He has removed the case to this court upon a writ of error, having assigned errors upon the record of the case.

The assignments of error raise but one important question, namely, that the information does not state or charge any crime or offense known to the laws of the State of Michigan, and therefore the court was without jurisdiction to receive any plea or impose judgment and sentence upon respondent.   The information, omitting the formal parts, reads:

" *   *   *   That David Devine, late of the city of Pontiac, in the county of Oakland, and State of Michigan, heretofore, to wit, on the 8th day of February, in the year one thousand nine hundred and eight, at the city of Marquette, in said Marquette county, did marry one Eleanor Mae Nolon, a spinster, and her the said Eleanor Mae Nolon then and there had for his wife, and that the said David Devine, afterwards and whilst he was so married to the said Eleanor Mae

Nolon, so aforesaid, to wit, on the 20th day of July, 1913, in the city of Newark, State of Ohio, feloniously did marry and take to wife one Jenney Rayner, and by and to her, the said Jenny Rayner, was then and there married, and the said Eleanor Mae Nolon, his former wife, being then and there living, contrary to the form of the statute in such case made and provided," etc.

The information was drawn under section 11691, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 14776), which provides:

"If any person who has a former husband or wife living, shall marry another person, or shall continue to cohabit with such second husband or wife, in the State, he or she shall, except in the cases mentioned in the following section, be deemed guilty of the crime of polygamy, and shall be punished by imprisonment in the State prison not more than five years, or in the county jail, not more than one year, or by fine not exceeding five hundred dollars."

It is the contention on the part of counsel for respondent that under this statute it is necessary that the information should contain an allegation that respondent, having a wife living, married another woman in this State, or had continued to cohabit with such second wife in this State, and, further, that such prosecution could be maintained only in the county where the second marriage occurred, or the county in which such cohabitation took place. The exact question is one of first impression in this State, and depends upon the construction to be given to the portion of the section above quoted, which provides:

"If any person who has a former husband or wife living, shall marry another person, or shall continue to cohabit with such second husband or wife, in the State, he or she shall   *   *   *   be deemed guilty of the crime of polygamy."

It is fundamental that the courts of this State have jurisdiction to punish only such offenses as may be

committed within its jurisdiction. It follows that the marriage referred to, if unlawful, and is the offense relied upon which is charged to have been committed in the State of Ohio, could not be the subject for a prosecution in Michigan; also that the offense of continuing to cohabit with such second wife must be charged to have been committed *in this State* in order to give our courts jurisdiction. The words of this statute are plain and unambiguous and require no application of fundamental principles of criminal law in order to construe them. Words could not be selected which would more clearly express that the unlawful marriage must be contracted, or the unlawful cohabitation must be continued, in this State. Although both depend upon the fact that an unlawful marriage has been entered into while a former husband or wife is living, yet they are distinct offenses. The information in this case charges that respondent entered into this second marriage in the State of Ohio. It does not charge that he continued to cohabit with such second wife in the State of Michigan. It is therefore fatally defective.

Statutes in other States charging these offenses in practically the same words have been considered by courts of last resort, and in all of these cases where similar questions to that here raised have been considered, it has been held that the offenses must be committed in the State and county where the prosecution is instituted. See *Johnson* v. *Commonwealth,* 86 Ky. 122 (5 S. W. 365, 9 Am. St. Rep. 269) ; *Commonwealth* v. *Bradley,* 2 Cush. (Mass.) 553; *State* v. *Hughes,* 58 Iowa, 165 (11 N. W. 706), and cases cited; 4 Am. & Eng. Enc. of Law (2d Ed.), p. 40, and cases cited under note 2.

That such allegations under this statute are required appears to have been recognized in this State in framing informations for entering into an unlawful

second marriage in this State and for continuing to cohabit with a second wife or husband in this State. Tiffany's Crim. Law (4th Ed.) pp. 707, 708.

Our conclusion is that the court had no jurisdiction to pass judgment and sentence upon the respondent in this case for the reason that the information alleged no offense.

The judgment of the circuit court is reversed, and the prisoner discharged.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.