## GREEN v. STATE OF INDIANA.

[No. 29,020. Filed November 10, 1953.]

*Miller & Dale,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling* and *Thomas M. Crowdus,* Deputy Attorneys General, for appellee.

EMMERT, J.—This is an appeal from a judgment on a verdict sentencing appellant to the Indiana State Farm for six months and fining him in the sum of $1,000.00 for the offense of bigamy as charged in an affidavit. The Attorney General, with commendable appreciation of his duties as an officer of this court, and as a public officer of the state, has filed a brief in which he confesses the judgment should be reversed. Such confession of error does not relieve this court of its duty to decide the law as applied to the facts in the record. *Coughlin* v. *State* (1950), 228 Ind. 393, 92 N. E. 2d 718; *Young* v. *United States* (1942), 315 U. S. 257, 62 S. Ct. 510, 86 L. Ed. 832.[1]

---

1. "The public trust reposed in the law enforcement officers of the Government requires that they be quick to confess error when, in their opinion, a miscarriage of justice may result from their remaining silent. But such a confession does not relieve this Court of the performance of the judicial function. The considered judgment of the law enforcement officers that reversible error has been committed is entitled to great weight, but our judicial obligations compel us to examine independently the errors confessed. See *Parlton* v. *United States,* 64 App. D. C. 169, 75 F. 2d 772. The public interest that a result be reached which promotes a well-ordered society is foremost in every criminal proceeding. That interest is entrusted to our consideration and protection as well as to that of the enforcing officers. Fur-

598

The affidavit, omitting the preliminary allegations, charged, "that WILLIAM C. GREEN on or about the 7th day of July, A. D. 1948, at the town of Birmingham, in the County of Jefferson, and State of Alabama, did marry Faye Mathews, and her the said Faye Mathews then and there had for his wife; and that the said WILLIAM C. GREEN, afterwards, while so married as aforesaid, to-wit: on the 1st day of December, 1950, at the City of Miami, County of Dade, State of Florida, did then and there feloniously and unlawfully marry and take as his wife one Janie M. Hill, and did then and there and thereafter at and in the County of Marion, State of Indiana, live and cohabit with the said Janie M. Hill, the said Faye Mathews Green being then alive and the bond of matrimony between the said WILLIAM C. GREEN and Faye Mathews Green being still undissolved and no legal presumption of the death of the said Faye Mathews Green having arisen, all of which was well known to the said WILLIAM C. GREEN, then and there being contrary," etc.

The statute defining bigamy states that "Whoever, being married, marries again, the former husband or wife being alive, and the bond of matrimony still undissolved, and no legal presumption of death having arisen, is guilty of bigamy, . . ." Section 10-4204, Burns' 1942 Replacement.

It is the appellant's position that the crime attempted to be charged by affidavit was committed in Miami, Florida, and that under the Indiana Constitution, as well as the proper construction of our criminal statutes, no crime was charged as committed in Indiana. It was the position of the State at the trial that §10-4205,

thermore, our judgments are precedents, and the proper administration of the criminal law cannot be left merely to the stipulation of the parties." *Young* v. *United States* (1942), 315 U. S. 257, 258, 259, 62 S. Ct. 510, 86 L. Ed. 832, 834, 835.

Burns' 1942 Replacement, permitted a trial in Marion County for the bigamous marriage in Florida. Section 10-4205 provides as follows:

> "In case of prosecution for bigamy, it shall not be necessary to prove either of the marriages by the register or certificate thereof, or other record evidence; but either of such marriages may be shown by such evidence as is admissible to prove a marriage in other cases. The offense may be alleged to have been committed, and the trial may take place, in the county where such last marriage was solemnized or where cohabitation shall have occurred."

"In this State there are no common law offences. All crimes and misdemeanors must be defined, and punishment therefor fixed, by statutes of this State, ██ and not otherwise. 1. G. & H. 415; *Hackney* v. *The State*, 8 Ind. 494." *Stewart* v. *Jessup* (1875), 51 Ind. 413, 415. Our statute is not one which makes bigamous cohabitation a crime. A crime is committed when the bigamous ceremonial marriage is consummated. *Scoggins* v. *State* (1877), 32 Ark. 205. Under this sort of statute cohabitation is not necessary to constitute the crime of bigamy. *Hopson* v. *State* (1930), 115 Tex. Cr. R. 260, 30 S. W. 2d 311;[2] *Johnson* v. *Commonwealth* (1887), 86 Ky. 122, 5 S. W. 365.

"Each State, in respect to each of the others, is an independent sovereignty, possessing ample powers, and the exclusive right, to determine, within its own ██ borders, what shall be tolerated, and what prohibited; what shall be deemed innocent, and

---

2. "The crime of bigamy consists in contracting the second marriage, one of the contracting parties having a spouse then living; the offense is completed by said marriage, and if the marriage be solemnized by a ceremony cohabitation is not necessary to constitute the offense of bigamy. The parties may immediately separate after the second ceremonial marriage has been consummated, but would still be guilty of bigamy." *Hopson* v. *State* (1930), 115 Tex. Cr. R. 260, 263, 30 S. W. 2d 311.

what criminal; its powers being limited only by the Federal Constitution, and the nature and objects of government. While each State is thus sovereign within its own limits, it can not impose its laws upon those outside of the limits of its sovereign power. Our own constitution has expressly fixed the boundaries of its sovereignty. It provides, after having defined the geographical boundaries of the State, that 'The State of *Indiana* shall possess jurisdiction and sovereignty coextensive with the boundaries declared in the preceding section; and shall have concurrent jurisdiction, in civil and criminal cases, with the State of *Kentucky* on the *Ohio* river, and the State of *Illinois* on the *Wabash,* so far as said rivers form the common boundary between this State and the said States respectively.' Constitution, art. 14, sec. 2." *Johns* v. *State* (1862), 19 Ind. 421, 434.[3] "No matter how closely an act is connected with the state, if it is done entirely outside it should not be punished, great as is the desire to do so." Vol. 2 Beale, Conflict of Laws, §425.2, p. 1349.[4]

Other jurisdictions with statutes making the second marriage the offense have consistently recognized and enforced the rule that the criminal laws of the state can have no extra-territorial force. *People* v. *Mosher* (1855), 2 Parker Cr. R. (N. Y.) 95; *State* v. *Stephens* (1919), 118 Me. 237; *State* v. *Ray* (1909), 151 N. C. 710, 66 S. E. 204; *People* v. *Devine* (1915), 185 Mich. 50. The record here does not pre-

3. "In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, in the county in which the offense shall have been committed; . . ." Article 1, §13, Constitution of Indiana. The appellant in this case never waived any of his rights under this section.
4. "Thus where defendant is indicted for bigamy, and it is shown that he belonged in the state and was now cohabiting with his second wife, yet if the marriage took place outside the state there can be no conviction." Vol. 2 Beale, Conflict of Laws §425.2, p. 1350. See also 1 Hawkins Pleas of the Crown (1924), pp. 686, 687.

sent a case where a crime has been partly committed in one jurisdiction and partly in another. See *Archer* v. *State* (1886), 106 Ind. 426, 7 N. E. 225.

In view of the decision in *Pennoyer* v. *Neff* (1878), 95 U. S. 714, 24 L. Ed. 565, holding it is a denial of due process under the Fourteenth Amendment for one state to attempt to extend its civil jurisdiction by process into another state, it is difficult to see how a statute attempting to make an act wholly committed within another state a crime, is not also a denial of due process.

In construing a statute, we should avoid a construction that will make the Act unconstitutional. *State ex rel. Robertson* v. *Circuit Court of Lake County* (1938), 215 Ind. 18, 17 N. E. 2d 805; *County Dept. of Public Welfare* v. *Potthoff* (1942), 220 Ind. 574, 44 N. E. 2d 494. Section 10-4204, Burns' 1942 Replacement, must be construed as limited to the act of contracting a bigamous marriage within the State of Indiana, and §10-4205, Burns' 1942 Replacement, purporting to deal with the venue of the offense and the trial, was not intended to attempt to give courts of this state jurisdiction over a bigamous marriage consummated in another state.

The verdict of guilty was contrary to law, and appellant's motion in arrest of judgment should have been sustained.

Judgment reversed, with instructions to sustain the motion in arrest of judgment.

Gilkison, J., not participating.

NOTE.—Reported in 115 N. E. 2d 211.