Ricky Dale **MULLIS and Cheryl Lynn Mullis, Appellants (Petitioners Below),**

v.

**Jeffrey Ray KINDER, Appellee (Respondent Below).**

No. 49A04–9006–CV–262.

Court of Appeals of Indiana, Fourth District.

March 28, 1991.

Michael P. Bishop, Bishop Smith & Bishop, Indianapolis, for appellants.

John Jay Boyce, Donald Lundberg, Legal Services Organization of Indiana, Inc., Indianapolis, for appellee.

CHEZEM, Judge.

### Case Summary

Petitioners/Appellants, Rickey Dale and Cheryl Lynn Mullis, appeal the dismissal of their petition for adoption. We reverse and remand.

### Issues

I. Whether it was error for the probate court to conclude that Ind.Code 31-3-1-6(g)(2)(B)(ii) does not apply when the natural father has not been convicted of child molesting and no charge of child molesting has been filed or is pending.

II. Whether IC 31-3-1-6(g)(2)(B)(ii) is constitutional.

## Facts and Procedural History

In March, 1989, the biological father, Respondent/Appellee, Jeffrey R. Kinder (Kinder), met the biological mother, Jennifer M. (Jennifer), in Florida. At that time, Jennifer was fifteen (15) years of age, and Kinder was twenty-one (21) years of age. Jennifer lived in Kinder's home for one month and during this time, they repeatedly engaged in sexual intercourse, which resulted in the conception of S.M. S.M. was born February 22, 1990, in Indianapolis, Indiana.

On February 23, 1990, Jennifer signed her Consent to Adoption and an affidavit revealing that she did not know the whereabouts of Kinder. On February 26, S.M. was placed in the Mullises' home by St. Elizabeth's, the sponsoring agency to the adoption.

Kinder was never charged with child molesting in Florida.

On March 1, 1990, the Mullises filed their petition for adoption of S.M. in the Marion Superior Court, Probate Division. On March 27, Jennifer filed a petition to dismiss adoption petition and objection to adoption. Thereafter, on April 20, Jennifer filed a motion to dismiss objection, which was approved subject to her acknowledgement of consent in open court.

On April 6, 1990, Kinder filed his motion to contest adoption. On April 10, he filed a petition for paternity in the Marion Superior Court, Juvenile Division under Cause No. 49D09–9004–JP–00094. On April 26, the juvenile court entered an order establishing paternity on behalf of Kinder and changed S.M.'s name to S. Kinder[1]. On May 14, 1990, Kinder filed his motion for summary judgment with the probate court, and following a hearing on May 31, it was granted on June 7. On that same day, this Court issued an Order staying the probate court's order to deliver S.M. to the Guardian's Home pending the Mullises' appeal.

## Discussion and Decision

### I

When reviewing a grant of summary judgment, the standard on review is the same as it was for the trial court: whether there was no genuine issue of material fact and whether the moving party was entitled to judgment as a matter of law. *Burke v. Capello* (1988), Ind., 520 N.E.2d 439; *Estate of Payne v. Donaldson* (1990), Ind. App., 549 N.E.2d 1043, *trans. denied.* We must determine the probative value of the evidence without weighing it, and consider the facts in the light most favorable to the nonmoving party. Summary judgment will be appropriate only if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Burke, supra; Payne, supra.*

In granting Kinder's motion for summary judgment, the probate court entered the following conclusion of law:

3. In particular, the exception in I.C. 31–3–1–6(g)(2)(B)(ii) does not apply as a matter of law because no charge of child molesting has been filed or is pending in Indiana or any other jurisdiction and because Jeffrey R. Kinder has not been convicted of child molesting pursuant to I.C. 35–42–4–3 or pursuant to any other statute in any other jurisdiction.

The Mullises argue and Kinder concedes the probate court incorrectly read that the statute requires that there must be a charge or conviction for incest, or child molesting for this statute to be applicable.

IC 31–3–1–6(g)(2)(B) reads as follows:

(g) Consent to adoption is not required from any of the following:

(2) The natural father of:

(B) a child born out of wedlock who was conceived as a result of:

(i) a rape for which the father was convicted under IC 35–42–4–1;

(ii) child molesting (IC 35–42–4–3); or

(iii) incest (IC 35–46–1–3).

Because adoption statutes are in derogation of the common law, they must be strictly construed. *Emmons v. Dinelli* (1956), 235 Ind. 249, 133 N.E.2d 56; *Petition of Gray* (1981), Ind.App., 425 N.E.2d 728. Clearly, only in the case of rape does IC 31–3–1–6(g)(2)(B) require that the natu-

---

**1.** For purposes of this appeal, we will refer to the infant as S.M.

ral father be convicted. If the General Assembly had intended a 'conviction' as a condition precedent for subsections (ii) and (iii), it would have so stated.

Kinder argues, however, that because S.M. was conceived as a result of child molesting in the State of Florida, Kinder is not subject to Indiana criminal law (IC 35–42–4–3) and thus is not subject to IC 31–3–1–6(g)(2)(B)(ii). Kinder cites *Stewart v. Jessup* (1875), 51 Ind. 413 and *Green v. State* (1953), 232 Ind. 596, 115 N.E.2d 211 in support of his argument.

In *Stewart*, the Supreme Court addressed the question whether the appellant could be convicted and punished in this State for a crime committed within another state. 51 Ind. at 415. Likewise, in *Green*, the court addressed a conviction in Indiana for a crime committed in Florida. 115 N.E.2d at 214. A conviction in either state is not in issue; thus, neither case holds precedential value for Kinder's argument.

■ We must now address whether the Mullises established, by a preponderance of the evidence, that Kinder committed child molesting thereby making his consent to the adoption unnecessary. To establish that Kinder committed child molesting, the Mullises must show Kinder was sixteen (16) years of age or older; Jennifer was twelve (12) years of age or older but under sixteen (16) years of age; and Kinder engaged in sexual intercourse with Jennifer.[2] These elements are established through Kinder's deposition testimony; thus, Kinder's consent was not required. IC 31–3–1–6(g)(2)(B)(ii).

Because there was no genuine issue of material fact, as a matter of law, summary judgment should have been granted in favor of the Mullises.

## II

Kinder contends that our construing the statute to eliminate the need for his consent would violate his right to constitutional due process.

■ When reviewing the constitutionality of a statute, every enactment of the General Assembly is cloaked with a presumption of constitutionality, and the burden to rebut this presumption is upon the challenger, with all reasonable doubts resolving in favor of the act's constitutionality. *Eddy v. McGinnis* (1988), Ind., 523 N.E.2d 737; *Bunker v. National Gypsum Co.* (1982), Ind., 441 N.E.2d 8.

■ Kinder cites *Grayned v. City of Rockford* (1972), 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222, to argue "one of the essential elements of due process is that the state fairly put persons on notice of the conduct required of them in order to regulate their daily affairs within the bounds of the law." Kinder specifically argues that because he is a Florida resident and because the conduct took place in Florida, he did not have notice of "the potential future implication" of the act. The Court in *Grayned*, however, addressed whether an ordinance was void for vagueness. 408 U.S. at 108, 92 S.Ct. at 2298–99. Kinder does not argue that IC 31–3–1–6 is vague; instead, he argues that he was without notice of the law's existence. Ignorance of the law is no excuse. *Texaco v. Short* (1982), 454 U.S. 516, 102 S.Ct. 781, 70 L.Ed.2d 738; *Marmont v. State* (1874), 48 Ind. 21, 31.

Kinder also contends IC 31–3–1–6 is "facially invalid because it always denies the father's right to consent and never denies the mother's ..., even when the mother is the perpetrator." Thus, he contends the statute denied him equal protection.

■ Both our federal and state constitutions prohibit a law from being unequally or discriminatorily applied. U.S. *Const.* amend. XIV; Ind. *Const.* art. I, § 23; *see also, Haas v. South Bend Community School Corp.* (1972), 259 Ind. 515, 289 N.E.2d 495; *Owens v. State ex rel. Van Natta* (1978), 178 Ind.App. 406, 382 N.E.2d 1312, *trans. denied.* Notwithstanding, equal protection does not mandate similar

**2.** IC 35–42–4–3(c) prescribes: A person sixteen (16) years of age or older who, with a child of twelve (12) years of age or older but under sixteen (16) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting ...

treatment for individuals *not* similarly situated. *In re Terry* (1975), 262 Ind. 667, 329 N.E.2d 38, *cert. denied* 423 U.S. 867, 96 S.Ct. 129, 46 L.Ed.2d 97.

█ IC 31–3–1–6(g)(2)(B) negates the requirement of consent only for those fathers whose children are conceived as a result of sex crimes. "Gender-based distinctions 'must serve important governmental objectives and must be substantially related to achievement of those objectives' in order to withstand judicial scrutiny under the Equal Protection clause." *Caban v. Mohammed* (1979), 441 U.S. 380, 388, 99 S.Ct. 1760, 1765–66, 60 L.Ed.2d 297 (citing *Craig v. Boren* (1976), 429 U.S. 190, 197, 97 S.Ct. 451, 456–57, 50 L.Ed.2d 397). Under the relevant cases applying the Equal Protection Clause, it must be shown that the distinction is structured reasonably to further these ends. *Caban*, 441 U.S. at 391, 99 S.Ct. at 1767–68. Thus, the question here is whether the distinction in IC 31–3–1–6(g)(2)(B) bears a substantial relation to some important state interest.

IC 31–3–1–6(g)(2)(B) was enacted to protect the victims of sex crimes who bear children. As only female victims of sex crimes can bear children, there is a rational basis for the distinction made in the statute. Stated differently, because of the biological differences between men and women, female victims of sex crimes are not similarly situated with male victims of sex crimes.

Because the gender based distinction in the statute is based upon inherent biological differences, and because the State has an important interest in protecting those victims of sex crimes who suffer pregnancy and related health risks due to their sex, we cannot accept Kinder's contention that the statute violates his equal protection rights.

Reversed and remanded to the trial court for proceedings consistent with this opinion.

CONOVER, J., concurs.

MILLER, J., dissents with separate opinion.

MILLER, Judge, dissenting.

I dissent. I cannot agree with the majority's conclusion that IC 31–3–1–6(g)(2)(B) requires that the father be convicted *only in the case of rape.* Rather, in my opinion, the legislature intended a conviction as a condition precedent for subsections (ii) and (iii) as well.

Subsection (i) clearly requires that the father be convicted of rape under the Indiana statute. However, it is not so clear as to what the legislature intended when it added "(ii) child molesting (IC 35–42–4–3); or (iii) incest (IC 35–46–1–3)." In my opinion, this should be interpreted to mean that consent is required unless the natural father has been convicted of rape, child molest, or incest in this jurisdiction.

When faced with an ambiguous statute, this court must interpret the statute in order to ascertain and effectuate the general intent of the legislature. *Economy Oil Corp. v. Indiana Department of State Revenue* (1975), 162 Ind.App. 658, 321 N.E.2d 215. In construing an ambiguous statute, this court presumes that the legislature intended the language of the statute to be applied in a logical manner, consistent with the legislation's underlying goals and policy. *Collins v. Thakkar* (1990), Ind. App., 552 N.E.2d 507. We also presume that the legislature does not intend an absurd result. *State ex rel. Hatcher v. Lake Superior Court* (1986), Ind., 500 N.E.2d 737.

The obvious intent of this statute is to deprive a father of the right to object to the adoption when the child was conceived as the result of the commission of a crime.[1] Under the majority's theory, if a rape occurs outside this state, the rapist's consent is required, but not so with child molest or incest occurring outside the state. This is

---

1. Rape and child molest are both crimes of force where consent of the victim is absent. Incest, however, might be an entirely different situation.

an absurd result because it clearly does not fulfill the purpose of the statute.