## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 17 2017, 9:18 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

George A. Lohmeier
Allen Wellman McNew Harvey, LLP
Greenfield, Indiana

ATTORNEY FOR APPELLEE

Mark Small
Indianapolis, Indiana

## I N  T H E
# COURT OF APPEALS OF INDIANA

In Re: The Matter of Joyce Hall Incapacitated Adult,

Barbara Rich and Donald Rich,

*Appellants-Former Guardians,*

v.

Imogene Suzann Fischman,

*Appellee-Guardian.*

March 17, 2017

Court of Appeals Case No.
30A01-1605-GU-1155

Appeal from the Hancock Circuit Court

The Honorable Richard D. Culver, Judge

Trial Court Cause No.
30C01-0704-GU-12

**Barnes, Judge.**

## Case Summary

In this interlocutory appeal, Donald and Barbara Rich (collectively, the "Riches") appeal the trial court's judgment for Imogene Suzann Fischman, guardian of Joyce Hall's estate. We affirm.

## Issue

The Riches raise one issue, which we restate as whether the trial court properly ordered them to repay $45,817.46 to Fischman as the guardian of Hall's estate.

## Facts

In April 2007, the Riches were appointed as co-guardians of Hall, who is Barbara's sister. Over the next seven years, Hall lived with the Riches, with her son and his family, with another sister, and with the Riches' daughter in an apartment. The Riches, however, had control over Hall's finances. Hall's husband lived in a nursing home and died on March 11, 2014.

In September 2014, Fischman, another of Hall's sisters, filed a motion to terminate the guardianship. In November 2014, Fischman filed a motion for a detailed accounting and a motion for the appointment of a guardian ad litem. The trial court appointed a guardian ad litem and ordered the Riches to submit an accounting by March 2, 2015. The Riches' accounting of the period from April 4, 2007, to January 12, 2015, claimed payments of $194,820.40, and deposits of $193,081.08, with an account balance of $1,739.32. The accounting listed various deposits and expenses, but it did not include the dates of any such deposits or expenses and did not include any documentation. Fischman

objected to the Riches' accounting, which the trial court granted. On June 3, 2015, the trial court ordered the Riches to provide the following by August 10, 2016:

> a proper accounting as set forth under I.C. §29-3-9-6 which shall include but not be limited to, a copy of each monthly bank statement from the Ward's account, a copy of each check written on the Ward's account and an accompanying receipt, a copy of each payment to a medical provider and the accompanying receipt, copies of all apartment leases and proof of payment by each resident in any such apartment and compliance with all other requirements under I.C. § 29-3-9-6.

Appellants' App. Vol. II p. 93. On June 3, 2015, the trial court also removed the Riches as Hall's guardians and temporarily appointed Fischman as guardian of Hall's estate and Bob Kern as guardian of Hall's person.

On August 4, 2015, the Riches filed a second accounting covering January 13, 2015, through June 19, 2015. Fischman filed another objection to the accounting, noting that the Riches had failed to comply with the trial court's June 3rd order. Fischman also alleged that the Riches had failed to remove their names from Hall's accounts. Fischman requested that the Riches be held in contempt and sanctioned.

A hearing was held in October 2015. At the hearing, the Riches produced copies of the monthly statements for Hall's checking account. The trial court ordered the documents to be copied and submitted to interested parties within ten days, which the Riches did.

[7]     At another hearing in January 2016, the trial court appointed Fischman as guardian of Hall's estate and Fischman and Kern as co-guardians of Hall's person. During testimony, Fischman presented evidence regarding Hall's funds that were spent by the Riches and requested reimbursement to Hall's estate for $48,565.

[8]     In April 2016, the trial court issued findings of fact and conclusions thereon as follows:

> 3.     On February 25, 2015, former co-guardians, Barbara Rich and Donald Rich (Riches) filed a Co-Guardian's First Report for the period from April 4, 2007 through January 12, 2015.
>
> 4.     Although said 26 page report listed expenditures purportedly attributable for the benefit of the ward, the report was without proper documentation, receipts or other verification.
>
> 5.     On June 3, 2015, Fischman, through counsel, filed an Objection to Alleged Guardians Report and Motion for Order to Produce Proper Report Pursuant to I.C. 29-3-9-6(g).
>
> 6.     On June 3, 2015, the court granted Riches until August 10, 2015 to provide a proper accounting consistent with the statute.
>
> 7.     On August 4, 2015, the Riches filed an accounting which again was without documentation.

8.   To date, no proper accounting has ever been provided.

9.   On September 4, 2015, Fischman filed a third objection to the Riches' actions.

10.  At the hearing scheduled for October 12, 2015, Riches produced photocopies of all the monthly statements of the Ward's checking account.

11.  The Court reset the hearing for January 25, 2016 for the presentation of evidence and to allow the attorneys to review the Ward's checking account.

12.  At the hearing the Court considered evidence of the spending of the Ward's funds by Riches from the onset of their guardianship through the termination of said appointment.

**LAW**

As the Indiana Court Appeals determined in *In re Guardianship of Stalker*, 953 N E.2d 1094, 1003 (Ind. App. 2011), " . . . fiduciary duties as a guardian derive from statutory provisions. Indiana Code section 29-3-1-6 provides that a 'guardian'" is a "person who is a fiduciary and is appointed by a court to be a guardian or conservator responsible as the court may direct for the person or the property of an incapacitated person or a minor." A guardian has a statutory duty to manage the property of the ward's best interest, and he is responsible to protect and preserve the property of the protected person. See I.C. 29-3-8-3(2); *Wells v. Guardianship of Wells*, 731 N.E.2d 1047, 1051-52 (Ind. Ct. App. 2000), *trans. denied*. (Emphasis added)

**ORDER**

After considering the evidence and testimony in this matter, it is the decision of this court that the Riches shall repay the Ward the amount of $45,817.46 in the amount of $300.00 per month until paid in full. Further, the Guardian for the Ward may file a lien against whatever tangible property she finds in possession of the Riches to secure said judgment.

The funeral trust is to immediately have the beneficiaries changed to the estate of Joyce Hall and the Riches' names shall be removed.

Appellants' App. Vol. II p. 11. The Riches now appeal.

## Analysis

[9] The Riches challenge the trial court's order requiring them to repay $45,817.46 to Hall's estate. The trial court here issued sua sponte findings and conclusions. Sua sponte findings control only as to the issues they cover, and a general judgment will control as to the issues upon which there are no findings. *Yanoff v. Muncy*, 688 N.E.2d 1259, 1262 (Ind. 1997). We will affirm a general judgment entered with findings if it can be sustained on any legal theory supported by the evidence. *Id.* When a court has made special findings of fact, we review sufficiency of the evidence using a two-step process. *Id.* First, we must determine whether the evidence supports the trial court's findings of fact. *Id.* Second, we must determine whether those findings of fact support the trial court's conclusions of law. *Id.*

[10] Findings will only be set aside if they are clearly erroneous. *Id.* "Findings are clearly erroneous only when the record contains no facts to support them either

directly or by inference." *Id.* A judgment is clearly erroneous if it applies the wrong legal standard to properly-found facts. *Id.* In order to determine that a finding or conclusion is clearly erroneous, an appellate court's review of the evidence must leave it with the firm conviction that a mistake has been made. *Id.* We neither reweigh the evidence nor assess the credibility of witnesses, but consider only the evidence most favorable to the judgment. *Fowler v. Perry*, 830 N.E.2d 97, 102 (Ind. Ct. App. 2005).

[11] The Riches first argue that the trial court erred when it failed to order them to file an inventory, failed to order them to file a biennial accounting, failed to establish standards for the information they were required to report, and failed to remind them that an inventory or accounting was due. Indiana Code Section 29-3-9-5(a) requires a guardian to file a complete inventory of the protected person's property within ninety days after the appointment. Further, Indiana Code Section 29-3-9-5(b) requires the guardian to "keep suitable records of the guardian's administration and exhibit the records as ordered by the court." Indiana Code Section 29-3-9-6(a) then requires a guardian to file a "written verified account of the guardian's administration" at least biennially "[u]nless otherwise directed by the court." The statute also provides: "When a guardian files with the court proper receipts or other evidence satisfactory to the court showing that the guardian has delivered to the appropriate persons all the property for which the guardian is accountable as guardian, the court shall enter an order of discharge." Ind. Code § 29-3-9-6(h) (formerly Ind. Code § 29-3-9-6(g) (amended by Pub. L. No. 99-2013, § 8 (eff. July 1, 2013)).

[12]     Despite these statutes requiring a guardian to keep records of the administration of the protected person's estate, the Riches rely on Indiana Code Section 29-3-9-6.5 for the proposition that the trial court was required to individually order them to maintain the records. That statute provides:

(a)     This section applies to an accounting described under section 6 of this chapter that is filed:

(1)     in a court that requires an accounting; and

(2)     by a guardian for a protected person:

(A)     whose:

(i)     annual gross income is not more than one hundred eighty-five percent (185%) of the federal income poverty level as determined annually by the federal Office of Management and Budget under 42 U.S.C. 9902; and

(ii)     total assets are worth fifteen thousand dollars ($15,000) or less; or

(B)     who has an annual gross income and total assets of any amount, if the guardian does not have powers concerning the estate of the protected person.

(b)     The court shall establish standards for the type of information required to be reported in an accounting described in subsection (a).

[13]     The Riches make no effort to explain how this statute is applicable to Hall's estate. Further, it does not appear that the Riches raised this argument with the trial court. Consequently, the argument is waived. *See GKC Indiana Theatres, Inc. v. Elk Retail Inv'rs, LLC.*, 764 N.E.2d 647, 651 (Ind. Ct. App. 2002) (holding that an argument or issue not presented to the trial court is generally waived for appellate review). The guardianship statutes required the Riches to file an inventory, maintain records, and file accountings. The Riches' ignorance of the law does not excuse them from complying with the statutes. See *Mullis v. Kinder*, 568 N.E.2d 1087, 1090 (Ind. Ct. App. 1991) (noting that ignorance of the law is no excuse where the party argued that he was "without notice of the law's existence").

[14]     The Riches also argue that the records they submitted were reasonable under the circumstances and did not justify the trial court ordering them to reimburse Hall's estate $45,817.46. Fischman presented testimony regarding excessive purchases of clothing, food, and shoes, excessive expenditures for guardian fees, rent, utilities, storage and moving fees, supplies, and a YMCA membership, and expenditures for furniture and home décor. Fischman also testified regarding Hall's unpaid medical bills. When Hall was moved into a nursing home during these proceedings, she had little to show for the expenditures. "A guardian has a statutory duty to manage the estate for the protected person's best interest." *Wells v. Guardianship of Wells*, 731 N.E.2d 1047, 1051-52 (Ind. Ct. App. 2000), *trans. denied*. "A guardian is entitled to reasonable compensation for services as guardian and to reimbursement for reasonable expenditures

made in good faith on behalf of the protected person." I.C. § 29-3-9-3. Given the lack of documentation regarding the expenditures, the Riches have failed to demonstrate that the expenditures were reasonable and made in good faith. We cannot say the trial court's findings and conclusions thereon are clearly erroneous.

## Conclusion

The trial court's order requiring the Riches to reimburse Hall's estate is not clearly erroneous. We affirm.

Affirmed.

Kirsch, J., and Robb, J., concur.